**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
GARY RODRIGUEZ,                              :
                                             :
                          Petitioner,        :
                                             :        10 Civ. 3451 (RMB) (JCF)
              -against-                       :
                                             :        **DECISION & ORDER**
WILLIAM LEE, Superintendent, Green           :
Haven Correctional Facility,                 :
                                             :
                          Respondent.        :
-----------------------------------------------------------x

**I.     Background**

On or about March 8, 2010, Gary Rodriguez ("Petitioner"), proceeding pro se, filed a

petition for a writ of habeas corpus against William Lee, Superintendent of Green Haven

Correctional Facility ("Respondent"), pursuant to 28 U.S.C. § 2254.  (See Pet. under 28 U.S.C.

§ 2254 for Writ of Habeas Corpus, dated Mar. 8, 2010 ("Petition"), at 3.)  Petitioner challenges

his April 25, 2005 conviction following a jury trial in New York State Supreme Court, New

York County, of first and second degree robbery, in violation of New York Penal Law §§ 160.15

& 160.10, and his June 29, 2005 sentence to concurrent terms of 25 and 15 years' imprisonment.

(See Pet. at 3.)

On April 17, 2008, the Appellate Division, First Department, unanimously affirmed the

conviction, holding that "the verdict was not against the weight of the evidence"; there was "no

basis for reducing [Petitioner's] sentence"; and the trial court "properly admitted, under the

present sense impression exception to the hearsay rule, two nontestifying declarants' [911

calls]."  People v. Rodriguez, 857 N.Y.S.2d 74, 74 (App. Div. 2008).  On or about May 12, 2009,

Petitioner applied for a writ of error coram nobis arguing that his appellate counsel was

ineffective for failing to argue that trial counsel had been ineffective or that there had been

prosecutorial misconduct.  (See Pet. ¶ 13.)  On October 8, 2008, "due deliberation having been

had thereon , [Petitioner's] application [wa]s denied" by the Appellate Division.  (See Order,

dated Oct. 8, 2009, attached as Ex. L to Decl. of Leilani Rodriguez (for Respondent), dated Aug.

31, 2010 ("L. Rodriguez Decl.").)  On February 17, 2010, the New York Court of Appeals

denied leave to appeal.  (See Cert. Denying Leave to Appeal, dated Feb. 17, 2010, attached as

Ex. O to L. Rodriguez Decl.)

The Petition alleges, among other things:  (1) that the jury's verdict "was against the

weight of the evidence"; (2) that Petitioner's sentence "far exceeds the usual range of

punishments for crimes committed under similar circumstances";  (3) that "the admission of 911

calls placed by individuals who were not available for cross examination and who did not

witness the alleged robbery violated the Confrontation Clause of the Sixth Amendment and New

York's hearsay rule to the extent the calls referred to the alleged robbery"; (4) that statements

made during summation by the prosecutor were improper; (5) ineffective assistance of trial

counsel; and (6) ineffective assistance of appellate counsel.  (Pet. at ii, iii, 3.)

On February 22, 2011, United States Magistrate Judge James C. Francis IV, to whom this

matter had been referred, issued a thorough Report and Recommendation ("Report")

recommending dismissal of the Petition because, among other reasons:  (1) Petitioner's weight of

the evidence claim "is a state law claim that is not cognizable in federal court," and construing,

arguendo, the Petition "to raise a [federal] sufficiency of the evidence claim," such claim "is

procedurally barred"; (2) Petitioner's "claim that his sentence is excessive . . . does not allege a

violation of a federally protected right," and is procedurally barred; (3) the "911 recordings

admitted in this case fit squarely within the Supreme Court's definition [in Davis v. Washington,

547 U.S. 813 (2006)] of nontestimonial—and therefore admissible—statements"; (4) Petitioner

2

"did not suffer prejudice from [the prosecutor's comments at summation] sufficient to merit habeas corpus relief"; (5) trial counsel's decision not "to track down [another] witness to have him testify at trial" was a "reasoned strategic decision [which neither fell] below an objective standard of reasonableness" nor "prejudiced the outcome of the case"; and (6) appellate counsel's "fail[ure] to raise the issues of ineffective assistance of trial counsel and prosecutorial misconduct" does not constitute ineffective assistance because Petitioner "cannot establish a reasonable probability that the appellate court would have granted [relief on either of those two] claims."  (Report at 12–15, 18, 27, 28–29, 31–32, 33–34.)

The Report instructed the parties that they had "fourteen (14) days from [February 22, 2011] to file written objections."  (Report at 35.)  By letter endorsement, dated March 4, 2011, the Court granted Petitioner an extension to April 24, 2011 to file objections.  On or about April 7, 2011, Petitioner filed objections to the Report ("Objections") arguing essentially the same points he presented to Judge Francis.

**For the reasons stated below, the Report is adopted in its entirety and the Petition is dismissed.**

**II.     Standard of Review**

The Court "shall make a <u>de novo</u> determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous.  <u>See</u> Fed. R. Civ. P. 72(b); <u>DeLeon v. Strack</u>, 234 F.3d 84, 86–87 (2d Cir. 2000); <u>Santana v. United States</u>, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007).  A district judge "may accept, reject, or modify, in whole or

in part, the findings and recommendations of the magistrate judge."  28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); DeLeon, 234 F.3d at 86–87.

Where, as here, the petitioner is proceeding pro se, the Court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and will "interpret them to raise the strongest arguments that they suggest," Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

III.    Analysis

The facts and procedural history set forth in the Report are incorporated herein by reference.  Having conducted a de novo review of the Report, the Objections, the record and the applicable legal authorities, the Court concludes that the Report is supported by the record and the law in all respects.  See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).[1] Petitioner's Objections do not provide any basis for departing from the Report's recommendations.

(1)    Weight of the Evidence

Judge Francis properly concluded that Petitioner raises only a "weight of the evidence claim [under] state law [which] is not cognizable in federal court."  (Report at 12); see Garrett v. Perlman, 438 F. Supp. 2d 467, 470 (S.D.N.Y. 2006).  And, "[e]ven generously construing the [P]etition to [now] raise a sufficiency of the evidence claim" under federal law, such claim is procedurally barred because Petitioner's "[f]ailure to raise [this] claim on direct appeal [is] sufficient to bar [P]etitioner's habeas corpus claim."  (Report at 13, 14); see also Aparicio v.

---

[1]    As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous.  See Pizarro, 776 F. Supp. at 817.  Any objections not specifically addressed in this Order have been considered de novo and rejected.

Artuz, 269 F.3d 78, 93 (2d Cir. 2001); Silva v. Miller, No. 04 Civ. 8013, 2009 WL 4060946, at

*6 (S.D.N.Y. Nov. 24, 2009).

### (2)    Excessive Sentence Claim

Judge Francis properly concluded that Petitioner's excessive sentence claim is

procedurally barred because, although Petitioner asserted on direct appeal that his "sentence

should be reduced in the interest of justice, Petitioner never alluded to a single federal law" to

support that claim.  (Report at 14–15.)  In fact, his sentence was within the statutory range "for a

defendant with one predicate violent felony" under New York Penal Law §§ 160.15(4) &

70.04(3)(a) (Report at 6); see Baide-Ferrero v. Ercole, No. 06 Civ. 6961, 2010 WL 1257615, at

*4 (S.D.N.Y. Mar. 31, 2010); Medina v. Greene, No. 03 Civ. 8646, 2004 WL 2809196, at *4

(S.D.N.Y. Dec. 7, 2004).

### (3)    911 Calls

Judge Francis properly concluded that admission into evidence of 911 calls was not

barred because they described an ongoing chase and "allowed the police to respond quickly and

apprehend the suspects in the immediate aftermath of the robbery," and, thus, were

"nontestimonial."  (Report at 18); see United States v. Williams, 506 F.3d 151, 156 (2d Cir.

2007); Davis, 547 U.S. at 822; Vasquez v. Rock, No. 08 Civ. 1623, 2010 WL 2399891, at *5

(E.D.N.Y. June 10, 2010); Coleman v. Squillante, No. 06 Civ. 13518, 2008 WL 4452351, at *9

(S.D.N.Y. Oct. 2, 2008); Copes v. Schriver, No. 97 Civ. 2284, 1997 WL 659096, at *3 (S.D.N.Y.

Oct. 22, 1997).

### (4)    Alleged Prosecutorial Misconduct

Judge Francis properly concluded that none of the state prosecutor's comments during

summation concerning witness recollections or referring to "a [third suspect] on a bicycle" were

improper as prosecutors may make "fair comments on the evidence" presented at trial.  (Report at 27); see United States v. Perez, 144 F.3d 204, 210 (2d Cir. 1998); Roman v. Filion, No. 04 Civ. 8022, 2005 WL 1383167, at *18 (S.D.N.Y. June 10, 2005).  And, the prosecutor did not "suggest knowledge of any evidence that had not been allowed during the trial."  (Report at 28); see Mackey v. McGinnis, No. 05 Civ. 4899, 2006 WL 2290829, at *10 (S.D.N.Y. Aug. 9, 2006). Judge Francis also concluded that, even if the comments in summation had been improper, Petitioner "did not suffer prejudice from [such comments] sufficient to merit habeas corpus relief" because he "was apprehended by the police in possession of property sufficient to establish that he had committed a robbery."  (Report at 30); see Dunn v. Sears, 561 F. Supp. 2d 444, 457–58 (S.D.N.Y. 2008).

(5)     **Ineffective Assistance of Trial Counsel**

Judge Francis properly concluded that trial counsel's decision not "to track down [another witness,] Jonathan Zayas, to have him testify at trial" was not ineffective assistance because, among other reasons, trial counsel stated during the trial that "as a matter of strategy [Petitioner's case is] very unlikely to be improved . . . based on what Mr. Zayas says" (Report at 31) and counsel also determined that "Mr. Zayas would not have been a reliable witness" (Report at 32); see Strickland v. Washington, 466 U.S. 668 (1984); Greiner v. Wells, 417 F.3d 305, 323 (2d Cir. 2005).  And, Petitioner did not establish prejudice because, as counsel stated, "Mr. Zayas might not . . . have been willing to testify at trial," and there was "substantial evidence" supporting Petitioner's guilt including, among other things, eyewitness testimony.  (Report at 33); see Strickland, 466 U.S. at 687, 693; Greiner, 417 F.3d at 323.

### (6)    Ineffective Assistance of Appellate Counsel

Judge Francis properly concluded that Petitioner's claim—that his appellate counsel was ineffective for "fail[ing] to raise the issues of ineffective assistance of trial counsel and prosecutorial misconduct" on direct appeal—fails because the underlying claims are "not meritorious." (Report at 34); see Jeremiah v. Artuz, 181 F. Supp. 2d 194, 200 (E.D.N.Y. 2002); Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994).

## IV.    Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has made no such showing and a certificate of appealability is neither warranted nor appropriate. See Lozada v. United States, 107 F.3d 1011, 1014–17 (2d Cir. 1997), abrogated on other grounds by United State v. Perez, 129 F.3d 255, 259–60 (2d Cir. 1997).

## V.    Conclusion

For the reasons set forth in the Report and herein, the Court adopts the Report in its entirety. The Petition is dismissed and the Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
      April 8, 2011

$RMB$

RICHARD M. BERMAN, U.S.D.J.